ERIC S. ROSSMAN (*Pro Hac Vice Pending*)
**ROSSMAN LAW GROUP**
350 North Ninth Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Fax: (208) 947-2424
*erossman@rossmanlaw.com*

JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
CHRISTINA M. LE (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

*Attorneys for Plaintiffs*

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual; JANE DOE, individually and as guardian ad litem for the minor child E.M., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO, a public entity; DEBORAH KAY, an individual; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> (1)  Civil Rights Violation (Special Relationship) (42 U.S.C. § 1983); <br> (2)  Civil Rights Violation (State Created Danger) (42 U.S.C. § 1983); <br> (3)  Violation of Federal Adoption Assistance Act and Child Welfare Act; <br> (4)  Civil Rights Violation (Monell Claim) (42 U.S.C. § 1983); <br> (5)  Civil Rights Violation (Roth Claim) (42 U.S.C. § 1983); <br> (6)  Direct Negligence; |

〉 (7)   Derivative Negligence;
〉 (8)   Negligent Concealment.
〉
〉
〉   **DEMAND FOR JURY TRIAL**

Plaintiffs JOHN DOE and JANE DOE, individually, and plaintiff E.M., by and through his Guardian Ad Litem, JANE DOE (collectively "Plaintiffs"), allege the following upon information and belief based upon personal knowledge:

### INTRODUCTION & NATURE OF THE CASE

1.     Plaintiffs bring this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions and omissions of defendants COUNTY OF SAN BERNARDINO ("Defendant" or "COUNTY"), DEBORAH KAY ("Defendant" or "KAY") and DOES 1 through 10 (collectively referred to throughout portions of this Complaint as "Defendants"), in placing C.T., whom they knew previously sexually assaulted plaintiff E.M. and other children, and into the same foster home of plaintiff JOHN DOE and JANE DOE (sometimes herein JOHN DOE and JANE DOE are referred to as "the Does")[1], where C.T. continued to sexually assault and rape E.M. in violation of the Plaintiffs' Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendants are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983. Defendants also proximately caused Plaintiffs' injuries and are liable under state and federal law under the principles set forth in *Monell v. Department of Social Services*, 426 U.D. 658 (1978).

2.     Defendants are also directly liable for Negligence for failing to

---

[1]   The adoptive parents of E.M. are being named as John and Jane Doe in this Complaint to protect the identity of E.M.

discharge mandatory duties causing Plaintiffs' injuries and derivatively liable for Negligence causing Plaintiffs' injuries.

## JURISDICTION & VENUE

3. This action is brought under 42 U.S.C. § 1983 and pendent state law claims under the California Tort Claims Act and California Common Law against Defendants.

4. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (civil rights). Plaintiffs' state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of San Bernardino, California, which is located in the Central District of California. Plaintiffs and Defendants are also, and at all relevant times were, citizens and residents of San Bernardino County, located in the Central District of California. This court also has specific personal jurisdiction over all Defendants.

## PARTIES

6. Plaintiff JOHN DOE is, and at all times mentioned was, an adult residing in 29 Palms, County of San Bernardino, California and is the adoptive father of E.M.

7. Plaintiff JANE DOE is, and at all times mentioned was, an adult residing in 29 Palms, County of San Bernardino, California and is the adoptive mother of E.M.

8. Plaintiff E.M. is, and at all times mentioned was, a minor born in 2009. On March 20, 2017, plaintiffs JOHN DOE and JANE DOE became the adoptive parents of E.M. under the law, with all the rights and duties of the parent-child relationship. Prior to March 20, 2017, E.M. was the foster child of JOHN DOE and JANE DOE beginning in September 2016.



9.     Defendant COUNTY OF SAN BERNARDINO is, and at all times mentioned was, a duly organized public entity, form unknown, existing as such under the law of the State of California and responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, and for the injuries occasion thereby. At all relevant times County was the employer of defendant DEBORAH KAY, who was a social worker employed by the COUNTY's Department of Children and Family Services and DOES 1 through 5 ("DOE EMPLOYEES"), and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervising and policymaking employees of the COUNTY's Department of Children and Family Services, are sued in their individual capacity for damages only. Their actions were ratified by the COUNTY.

10.     At all relevant times, Defendant KAY and Defendants DOE EMPLOYEES and DOE SUPERVISORS were duly authorized employees and agents of the COUNTY subject to oversight and supervision by the COUNTY's elected and non-elected officials.

11.     Defendant KAY is, and at all times mentioned was, an adult residing in County of San Bernardino, California.

12.     At all relevant times, Defendant DOE EMPLOYEES and DOE SUPERVISORS were duly authorized employees and agents of the COUNTY who were acting under color of law within the course and scope of their respective duties as employees of the COUNTY and with the complete authority and ratification of their principal, Defendant COUNTY.

13.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and each of them, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
**-4-**

reflect the true names and capacities of the DOE Defendants when such identities become known.

14.  Plaintiffs are informed and believe and thereon allege that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe and thereon allege that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

15.  At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

16.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE EMPLOYEES and DOE SUPERVISORS were acting on the implied and actual permission and consent of the COUNTY OF SAN BERNARDINO.

17.  All Defendants who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the COUNTY OF SAN BERNARDINO.

18.  Defendants COUNTY and DEBORAH KAY are liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon Cal. *Gov't Code* §§ 815.2 and 820.

19.  All Defendants were, at all times material to this Complaint, acting under color and authority of state law.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-5-

20.   On June 19, 2017, Plaintiffs filed comprehensive and timely claims for damages.

21.   On August 18, 2017, the claims were formally denied.

22.   Plaintiffs complied with the requirements of the California Tort Claims Act, Cal. *Gov't Code* §§ 910, *et seq*.

## FACTUAL ALLEGATIONS

**(A)   E.M WAS PLACED IN FOSTER CARE**

23.   Plaintiff E.M. was born in 2009. His older sibling, C.T., was born in 2003.

24.   On or about September 10, 2013, the boys were placed in foster care due to parental mental health, substance abuse, and domestic violence issues.

**(B)   DEFENDANTS WERE MANDATED TO DOCUMENT AND REPORT CLAIMS OF SEXUAL/ PHYSICAL ABUSE OF E.M. & PROTECT E.M.**

25.   Defendant COUNTY OF SAN BERNARDINO has a responsibility to train the caseworkers who provide foster care services. These requirements are under both Federal and California law. The system in place is not just procedural guidelines. They are a scheme that mandates that officials follow specific guidelines and take affirmative actions to ensure the well being and promote the welfare of children in foster care. The children are entitled to the COUNTY OF SAN BERNARDINO's protection from harm.

26.   Defendant COUNTY OF SAN BERNARDINO has received millions of dollars in federal funds to meet the needs of children in its child welfare system and is therefore required to comply with federal mandates, including those set forth in the Adoption Assistance and Child Welfare Act of 1980, as amended by the Adoption and Safe Families Act of 1997; Titles IV-B and IV-E of the Social Security Act; 42 U.S.C. §§ 622, *et seq.*; 671, *et seq.* ("Adoption and Safe Families Act."). This Act also expressly requires that the caseworker provide an updated copy of the child's record to the foster part or

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs
KW

provider *at the same time the caseworker places the child with that parent or provider*. 42 U.S.C. § 675(5)(D).

27. Cal. *Welf. & Inst. Code* § 16001.9 mandates that all children in foster care, including E.M., have the right to live in a safe, healthy and comfortable home and be free from physical and sexual abuse. In fact, when one older sibling is sexually abusing another, it is against policy.

28. Cal. *Welf. & Inst. Code* § 16002(a)(2) requires caseworkers such as KAY to explain why siblings should not be kept together and explain why it is contrary to the safety or well-being of any sibling.

29. The Federal Foster Care and Adoption Assistance Act also requires that caseworkers must develop a case plan for each foster child that includes the child's health and education records, known medical problems (including if they are being sexually abused by other foster children in their prior foster homes), prescribed medications and other relevant related information. 42 U.S.C. §§ 671(a)(16), 675(1), 45 C.F.R. § 1356.21(g)(2).

30. At all relevant times, Defendants were under mandated rules and regulations requiring that they document and report claims of sexual and physical abuse by foster children. Defendants were required to maintain highly detailed case records of E.M. and C.T. Each case record was mandated to include, at least, the information identified by California's Department of Social Services' Child Welfare Service's Manual of Policies and Procedures (hereinafter "DSS MPP") § 31-075: "[d]ocumentation of the appropriateness of sibling contact, including unsupervised contact…" and "[d]ocumentation of any information provided to the placement services provider and/or respite care provider regarding the child's known or suspected dangerous behavior."

31. DSS MPP § 31-205 mandated that Defendants gather, evaluate and document assessment information pertaining to other children living in the same foster home. This would necessarily include the information about C.T. and his

interactions with others, including E.M., as identified below.

32. Defendants were further mandated to prepare for both E.M. and C.T. Case Plan Documentation as identified in DSS MPP § 31-206, including: assessments of the child's placement needs and description(s) of the type of home or institution which best meet those needs; the child's health information and known medical problems.

33. DSS MPP § 31-310 mandated Defendants monitor E.M.'s physical and emotion condition and provide that information to foster parents and adoptive parents, including that C.T. raped E.M. and forced him to perform acts on other children and that C.T. had previously molested a girl.

34. Defendants were further required: to monitor the child's physical and emotional condition, and take necessary actions to safeguard the child's growth and development while in placement (DSS MPP § 31-405.22); providing a child's background information, including behavioral history (DSS MPP § 31-405.29); and information of any known or suspected dangerous behavior of the child being placed (DSS MPP § 31-405.30).

35. The Defendants were required to keep records about any claims for sexual abuse and physical abuse of foster children such as E.M. by C.T. and/or other children (as well as prior complaints about C.T.) pursuant to the numerous state and federal regulations governing foster care and adoption, including Cal. *Welf. & Inst. Code* §§ 224.6, 309, 319, 358.1, 361, 362.7, 706.5, 706.6, 727.3, 4904, 4094.5, 4094.6, 4094.7, 5585.58, 5600.3, 10553, 10554, 11467.1, 16002 and 16501, *et seq*., Cal. *Health & Safety Code* §§ 1505 and 1530.8, Cal. *Fam. Code* §§ 7901, 7911, 7911.1, 7912 and 17552, 25 U.S.C § 1931 and 45 CFR 1355.20.

36. Furthermore, Defendants were required to report the physical and sexual abuses committed by C.T. against E.M. under the Child Abuse Prevention and Treatment Act (P.L. 93-247) and California's Child Abuse and Neglect

Reporting Act and their progeny to law enforcement.

37.    None of the actions done by Defendant KAY or DOES provides immunity as they were not done as a function critical to the judicial process itself and were not discretionary. The actions were done with a reckless disregard for the likelihood of causing Plaintiffs harm.

**(C)    DEFENDANTS DISCOVERED E.M. WAS BEING SEXUALLY ASSAULTED IN FOSTER CARE**

38.    Between September 10, 2013 and September of 2016, the boys were kept together in foster homes, prior to placement with the Does.

39.    During the time at the first foster home, between September 10, 2013 and April 10, 2014, C.T. was reported to have engaged in inappropriate behavior with a female foster child which required his removal from the foster home and placement in a foster home with no girls.

40.    Beginning in approximately 2014, C.T. sexually and physically assaulted the minor plaintiff, E.M. multiple times.

41.    Plaintiff E.M. told his assigned counselor, defendant DEBORAH KAY, about such physical and sexual assaults by C.T. in late 2015 or early 2016, well before the boys were placed with the Does.

42.    Defendant DEBORAH KAY was told and aware that C.T. raped E.M. prior to their placement with the DOES.

43.    E.M. drew pictures, which were shown to KAY, of C.T. holding a knife, and cutting up E.M. These drawings were consistent with threats made by C.T. towards E.M. and reported to KAY.

44.    KAY removed the drawings from the foster home where E.M. and C.T. were living at the time and did not inform the foster parents of the abuse.

45.    KAY told E.M that something would be done about C.T., but no action was taken by Ms. Kay or anyone from COUNTY OF SAN BERNARDINO.





46.    After E.M. told KAY about what C.T. had done to him, E.M was put on an additional psychotropic medication, Depakote, told he was psychologically unstable, and was told he was a bad person.

47.    The Depakote was discontinued by court order on May 3, 2016.

**(D)    DEFENDANTS FAILED TO INFORM DOES THAT E.M. WAS BEING SEXUALLY ASSAULTED BY C.T. & MISREPRESENTED THE BOYS' CONDITIONS IN VIOLATION OF FEDERAL AND STATE LAW**

48.    Defendants' policies, customs and omissions, including but not limited to their failure to properly train and supervise caseworkers by encouraging them not to report or respond to sexual abuse of foster children in their foster care system resulting in their routine failure to provide required information about foster children to foster/adoptive parents. For example, Defendant COUNTY OF SAN BERNARDINO recently was aware of a dependent foster child, Rickie F., who sexually abused a younger male foster child. Defendant COUNTY OF SAN BERNARDINO failed to adequately document and report that fact. As a result, Rickie F. ended up in a subsequent foster home, where he sexually abused two other boys.

49.    Defendants did not inform Does of E.M.'s history of physical and sexual abuse by C.T.

50.    When E.M. was placed with the Does in September of 2016, they immediately discontinued the use of the two other psychotropic medications, Concerta and Strattera, which had been prescribed to him. The Does discontinued those medications because E.M. was unable to communicate or form expressive thoughts.

51.    During the six months the boys were living with the Does prior to the adoption, the boys had monthly visits with their social worker, KAY. During each visit the boys would be alone with her for approximately 10 minutes. On two occasions, KAY told E.M. not to tell the Does about "their secrets" because

he would have to be removed from the Does' home and go to another foster home.

52. When the Does applied to become foster parents with a goal of adopting, they specifically informed COUNTY OF SAN BERNARDINO's Department Children and Family Services' officials that they were willing to deal with mild to moderate behavior issues, but were not willing to consider children with sexual abuse issues or with behavioral/emotional issues.

53. Numerous employees of the COUNTY OF SAN BERNARDINO's Department of Children and Family Services were aware of the abuse suffered by E.M. from C.T prior to the placement of E.M. and C.T. with the Does.

54. Upon information and belief, E.M. was overmedicated with psychotropic drugs to control his ability to tell others of his abuse and to prevent him from asking for help.

55. The Does finalized the adoptions of E.M and C.T. on or about March 20, 2017.

56. At no time prior to the adoption did anyone from COUNTY OF SAN BERNARDINO inform the Does of C.T.'s violent and sexually abusive conduct towards E.M.

57. On March 26, 2017, E.M. told the Does that C.T. had been threatening to kill him with a knife and holding the knife to E.M.'s neck. E.M. told the Does this had happened in their home and in prior foster homes. C.T. admitted these actions to the Does.

58. This incident was reported to KAY, but KAY did not want to report the incident and instead wanted to get C.T. into therapy.

59. Following this incident, the Does placed C.T. and E.M. in separate bedrooms and E.M. began sleeping in Mrs. Doe's room. C.T. attempted to get into Mrs. Doe's room on at least two occasions. C.T. also attempted to intimidate Mrs. Doe when she tried to correct him.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-11-

60.    E.M. informed the Does that C.T. had been hitting him, causing bruising that the Does had observed but for which they had been unable to determine a cause.

61.    On or about May 9, 2017, E.M. told the Does about the sexual abuse C.T. had committed against him. Mrs. Doe found C.T.'s journal which confirmed this abuse.

62.    C.T. was removed from the home on or about May 11, 2017.

## FIRST CAUSE OF ACTION

**(VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – SPECIAL RELATIONSHIP, 42 U.S.C. § 1983.)**

**(By Plaintiff E.M. Against Defendant Deborah Kay and Doe Employees)**

63.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

64.    The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

65.    There was a "special relationship", a custodial relationship, between E.M. and Defendant COUNTY OF SAN BERNARDINO that required the COUNTY to assume certain responsibilities for E.M.'s safety and well-being.

66.    E.M. had a right to be free from harm while involuntarily in government custody and the right not just to medical care, treatment and services, but to not be raped and sexually abused.

67.    At all times referred to in this complaint, Defendant KAY and all those acting either in concert or in conjunction with her, or those acting independently, were acting under color of state law, and in their individual and/or official capacities as officials, agents and employees of Defendant COUNTY OF SAN BERNARDINO.



68.     Defendant KAY, and all those acting either in concert or in conjunction with her, or those acting independently, while in their individual and official capacities and acting under color of state law, and while Plaintiff E.M. was under the care and custody of Defendant COUNTY OF SAN BERNARDINO, deprived plaintiff E.M. of certain rights, privileges, and/or immunities which were secured by the United States Constitution and other laws, including a denial of substantive due process under the Fourteenth Amendment to the United States Constitution. This deprivation of rights, privileges, and/or immunities has caused Plaintiffs to suffer damages in amounts to be determined at trial.

69.     Specifically, Defendant KAY engaged in affirmative conduct in knowingly, intentionally and with deliberate indifference, ignoring, suppressing and destroying evidence of the physical and sexual abuse suffered by E.M, violated state and federal law regarding the reporting and prevention of sexual and physical abuse, failed to protect E.M. from such abuse, and allowed him to be present, largely unsupervised, in close proximity to his abuser, C.T.

70.     The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm continuing while the child is placed in foster care. Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care. E.M. enjoyed a special relationship with the Defendants and the Defendants owed E.M. a duty that is the quintessential responsibility of those assigned the responsibility to safeguard the well-being of this helpless and vulnerable child.

71.     Defendants had an obligation to provide adequate medical care, protection and supervision to children removed from their parents and placed in foster care.

72.     The rights alleged herein were clearly established at the time they

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-13-

were violated.

73.     Defendants' conduct alleged hereinabove was performed with deliberate indifference to the liberty and substantive due process interests of Plaintiff E.M. Defendants were objectively and subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, the Defendants actually drew such an inference and any reasonable official would have been compelled to draw such inference under the circumstances of this case. In fact, Defendants actually knew of the prior acts of C.T. (as well as C.T.'s acts to others) to E.M. prior to placing them in the same foster house with the DOES in September 2016.

74.     As a direct and proximate result of Defendants' deprivation of the rights, privileges, and/or immunities due to him, Plaintiff E.M. has suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

75.     As a result of Defendants' conduct, Plaintiff, E.M., requests an award of reasonable attorney fees and Plaintiffs' costs on his behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

76.     Defendants conduct as alleged herein involved reckless or callous indifference to the federally protected rights of the Does and E.M. and Plaintiff, E.M., is therefore entitled to an award of punitive damages against the Defendants.

## SECOND CAUSE OF ACTION

**(VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – STATE CREATED DANGER, 42 U.S.C. § 1983.)**

**(By All Plaintiffs Against Defendant Deborah Kay and Doe Employees)**

77.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

78.     The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

79.     At all times referred to in this complaint, Defendant KAY and all those acting either in concert or in conjunction with her, or those acting independently, were acting under color of state law, and in their individual and/or official capacities as officials, agents and employees of Defendant COUNTY OF SAN BERNARDINO.

80.     Defendant KAY, and all those acting either in concert or in conjunction with her, or those acting independently, while in their individual and official capacities and acting under color of state law, while and continuing after Plaintiff E.M. was under the care and custody of Defendant COUNTY OF SAN BERNARDINO, deprived Plaintiffs of certain rights, privileges, and/or immunities which were secured by the United States Constitution and other laws, including a denial of substantive due process under the Fourteenth Amendment to the United States Constitution. This deprivation of rights, privileges, and/or immunities has caused Plaintiffs to suffer damages in amounts to be determined at trial.

81.     Specifically, Defendant KAY engaged in affirmative conduct in knowingly, intentionally and with deliberate indifference, ignoring, suppressing and destroying evidence of the physical and sexual abuse suffered by E.M, violated state and federal law regarding the reporting and prevention of sexual and physical abuse, failed to protect E.M. from such abuse, and allowed him to be present, largely unsupervised, in close proximity to his abuser, C.T.

82.     Defendant KAY and those acting in concert with her and/or other employees of Defendant COUNTY OF SAN BERNARDINO, affirmatively created a dangerous situation that the adopted child, E.M. and Does, would not have otherwise faced.

83.   The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm continuing while the child is placed in foster care. Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care. E.M. enjoyed a special relationship with the Defendants and the Defendants owed E.M. a duty that is the quintessential responsibility of those assigned the responsibility to safeguard the well-being of this helpless and vulnerable child.

84.   Defendants had an obligation to provide adequate medical care, protection and supervision to children removed from their parents and placed in foster care.

85.   The Doe Plaintiffs had a substantive due process right to receive communication, including written reports, regarding the dangerous nature of C.T. Defendants were aware of dangerous nature of C.T. and by doing nothing and failing to comply with its obligations to report on the sexual abuse of C.T., while aware of the dangerous situation created by Defendants' failures to follow mandated regulations, policies and directives as alleged herein, placed E.M. in danger to a known and obvious threat.

86.   Defendant KAY and Defendants further acted with deliberate indifference to the Doe's constitutional liberty interest in the creation of their family through the adoption process by deliberately concealing material information regarding the sexual and physical abuse perpetrated by C.T. on E.M.

87.   The rights alleged herein were clearly established at the time they were violated.

88.   Defendants' conduct alleged hereinabove was performed with deliberate indifference to the liberty and substantive due process interests of Plaintiffs. Defendants were objectively and subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-16-

the Defendants actually drew such an inference and any reasonable official would have been compelled to draw such inference under the circumstances of this case.

89.     As a direct and proximate result of Defendants' deprivation of the rights, privileges, and/or immunities due to Plaintiffs, Plaintiffs have suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

90.     As a result of Defendants' conduct, Plaintiffs request an award of reasonable attorney fees and Plaintiffs' costs on their behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

91.     Defendants conduct as alleged herein involved reckless or callous indifference to the federally protected rights of the Does and E.M. and Plaintiffs are therefore entitled to an award of punitive damages against the Defendants.

## THIRD CAUSE OF ACTION

### (VIOLATION OF FEDERAL ADOPTION ASSISTANCE ACT & CHILD WELFARE ACT, 42 U.S.C. § 1983.)

### (By All Plaintiffs Against Defendants
### County of San Bernardino and Doe Supervisors)

92.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

93.     Defendants' conduct as alleged herein violated Plaintiffs' statutory rights under the federal Adoption Assistance and Child Welfare Act of 1980, as amended by the Adoption and Safe Families Act of 1997, 42 U.S.C. § 671 *et seq.*, and the regulations promulgated under the Act, 45 C.F.R. Parts 1355-1357, including but not limited to: the right of each Plaintiff to have his or her health and educational records reviewed, updated, and supplied to foster care providers with whom the child is placed before or at the time of placement, pursuant to 42

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-17-

U.S.C. §§ 671(a)(16), 675(1), and 675(5)(D).

94. Each Defendant acted under color of state law as to the matters set forth herein.

95. Defendants' acts and omissions complained of herein constitute a policy, pattern, practice, custom, final policy making act, and/or ratification of a subordinate's actions that deprived Plaintiffs of particular statutory rights.

96. Further, Defendants have failed in their duties to properly hire, train, instruct, monitor, supervise, evaluate and investigate Defendants' caseworkers and supervisors. Defendants were deliberately indifferent to the obvious consequences of these failures, and these failures directly resulted in the deprivation of Plaintiffs' statutory rights.

97. Defendants' acts and omissions complained of herein have caused the violation of Plaintiffs' statutory rights and caused Plaintiffs to suffer damages, including significant physical and emotional harm, in an amount to be determined at trial. These damages are compensable pursuant to 42 U.S.C. § 1983.

98. As described herein, Defendants' acts or omissions were in willful, malicious, wanton, reckless or callous disregard of Plaintiffs' rights, thereby entitling Plaintiffs to punitive and exemplary damages.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – Monell Claim, 42 U.S.C. § 1983.)

### (By All Plaintiffs Against Defendants County of San Bernardino and Doe Supervisors)

99. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

100. The Federal Civil Rights Act provides a civil remedy against a

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
-18-

person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

101. Defendant COUNTY OF SAN BERNARDINO acted with deliberate indifference and in accordance with a policy, practice or custom in the COUNTY of failing to document, report and prevent physical and sexual abuse, in failing to supervise Defendant KAY and any other employees involved in the acts described herein, and in its duty to protect Plaintiff E.M. and the Does from a substantial risk of harm in violation of their rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This was a continued practice of Defendant COUNTY OF SAN BERNARDINO.

102. As a direct and proximate result of Defendants' deprivation of the rights, privileges, and/or immunities due to Plaintiffs, Plaintiffs have suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

103. As a result of Defendants' conduct, Plaintiffs request an award of reasonable attorney fees and Plaintiffs' costs on their behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

104. Defendants' conduct as alleged herein involved reckless or callous indifference to the federally protected rights of the Does and E.M. and Plaintiffs are therefore entitled to an award of punitive damages against the Defendants.

## FIFTH CAUSE OF ACTION

**(VIOLATION OF PROCEDURAL DUE PROCESS, Fourteenth Amendment – Roth Claim, 42 U.S.C. § 1983.)**

**(By All Plaintiffs Against Defendants)**

105. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

106. The Federal Civil Rights Act provides a civil remedy against a

person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

107.   Defendant COUNTY OF SAN BERNARDINO acted with deliberate indifference and in accordance with a policy, practice or custom in the COUNTY of failing to document, report and prevent physical and sexual abuse, in failing to supervise Defendant KAY and any other employees involved in the acts described herein, and in its duty to protect Plaintiff E.M. and the Does from a substantial risk of harm in violation of their rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This was a continued practice of Defendant COUNTY OF SAN BERNARDINO.

108.   The statutes, regulations and directives identified hereinabove as well as other such directives created in Plaintiffs a legitimate and sufficiently vested claim of entitlement such that deprivation of that entitlement without due process of law imposed upon them serious and grievous injury. Procedural due process applies to the deprivation of interests encompassed within the Fourteenth Amendment's protection of liberty and property when a person has acquired specific benefits through state law.

109.   As a direct and proximate result of Defendants' deprivation of the rights, privileges, and/or immunities due to Plaintiffs without first providing procedural due process of law, Plaintiffs have suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

110.   As a result of Defendants' conduct, Plaintiffs request an award of reasonable attorney fees and Plaintiffs' costs on their behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

111.   Defendants' conduct as alleged herein involved reckless or callous indifference to the federally protected rights of the Does and E.M. and Plaintiffs are therefore entitled to an award of punitive damages against the Defendants.

///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
**-20-**

## SIXTH CAUSE OF ACTION

### (DIRECT NEGLIGENCE PURSUANT TO CAL. GOV'T CODE §§ 815.6, ET SEQ., AND CALIFORNIA COMMON LAW.)

### (By Plaintiffs Against All Defendants)

112.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

113.   Defendants were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including JOHN DOE and JANE DOE, about the physical and sexual abuse suffered by E.M. and perpetrated by C.T. (who they knew was a clear and present danger to E.M.). Defendants did not document the information. They did not report the information and they did not inform others about the known dangers C.T. presented to E.M.

114.   The constitutional provisions, statutes, and/or regulations were designed to protect foster children such as E.M. and adoptive parents such as JOHN DOE and JANE DOE.

115.   Defendants were further obligated to protect E.M. from the known danger of C.T.

116.   Defendants failed to diligently discharge those obligations, and that failure was the direct proximate cause of severe injuries caused to E.M., including those injuries suffered after his transfer to live with the Does in September 2016 and subsequent adoption in March 2017.

117.   Defendants' negligent and/or intentional misrepresentation or fraudulent concealment regarding the health and well-being of E.M. and C.T. was the direct proximate cause of severe injuries to JOHN DOE and JANE DOE. (See *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal.App.3d 859 (1988).

118.   The negligence of Defendants, and each of them, was the proximate, legal causes of the damages sustained by Plaintiffs. Plaintiffs have incurred damages to be shown by proof at trial.

### SEVENTH CAUSE OF ACTION

**(DERIVATIVE NEGLIGENCE PURSUANT TO CAL. GOV'T CODE §§ 820.2, ET SEQ., AND CALIFORNIA COMMON LAW.)**

**(By Plaintiffs Against All Defendants)**

119.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

120.   Defendant DEBORAH KAY and DOE EMPLOYEES were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including JOHN DOE and JANE DOE, about the physical and sexual abuse suffered by E.M. and perpetrated by C.T. (who they knew was a clear and present danger to E.M.). Defendant DEBORAH KAY and DOE EMPLOYEES did not document the information. Defendant DEBORAH KAY and DOE EMPLOYEES did not report the information and they did not inform others about the known dangers C.T. presented to E.M.

121.   Defendant DEBORAH KAY and DOE EMPLOYEES' failure to diligently discharge those obligations, which was the direct proximate cause of severe injuries to E.M., including those injuries suffered after his transfer to live with the DOES in September 2016 and subsequent adoption in March 2017.

122.   Defendant DEBORAH KAY and DOE EMPLOYEES' negligent and/or intentional misrepresentation or fraudulent concealment regarding the health and well-being of E.M. and C.T. was the direct proximate cause of severe injuries to JOHN DOE and JANE DOE. (See *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal.App.3d 859 (1988).

123. The negligence of Defendant DEBORAH KAY and DOE EMPLOYEES, and each of them was the proximate, legal causes of the damages sustained by Plaintiffs. Plaintiffs have incurred damages to be shown by proof at trial.

## EIGHTH CAUSE OF ACTION

**(NEGLIGENT MISREPRESENTATION PURSUANT TO CAL. GOV'T CODE §§ 815.6 AND 820.2, *ET SEQ.* AND CALIFORNIA COMMON LAW.)**

**(By Plaintiffs John Doe and Jane Doe Against All Defendants)**

124. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

125. Defendants were obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including JOHN DOE and JANE DOE, about the physical and sexual abuse suffered by E.M. and perpetrated by C.T. (who they knew was a clear and present danger to E.M.). Defendants did not document the information. They did not report the information and they did not inform others about the known dangers C.T. presented to E.M. and E.M's condition.

126. Defendants' negligent and/or intentional misrepresentation or fraudulent concealment regarding the health and well-being of E.M. and C.T. was the direct proximate cause of severe injuries to JOHN DOE and JANE DOE. (See *Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal.App.3d 859 (1988).

127. The negligence of Defendant DEBORAH KAY and DOE EMPLOYEES, and each of them was the proximate, legal causes of the damages sustained by Plaintiffs. Plaintiffs have incurred damages to be shown by proof at trial.

///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
**-23-**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1. For compensatory damages according to proof at trial;

2. Damages for past and future loss of earnings and benefits, and other damages in a sum to be determined at the time of trial;

3. An award of reasonable attorneys' fees and costs of suit as permitted by law;

4. Punitive and exemplary damages in an amount appropriate to punish or set an example of the Defendants and Does 1 through 10;

5. For pre-judgment interest and other interest as provided by law;

6. For costs of suit incurred herein;

7. Injunctive relief; and

8. For such other and proper relief as the Court deems just and proper.

Dated:  January 23, 2018                Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*
**Attorneys for Plaintiffs**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury for all such triable claims.


Dated:  January 23, 2018              Respectfully submitted,

By:  */s/ John P. Kristensen*
_____

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*
**Attorneys for Plaintiffs**