Eric S. Rossman (*Pro Hac Vice*)
**ROSSMAN LAW GROUP**
350 North Ninth Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*erossman@rossmanlaw.com*

John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Boulevard
Beverly Hills, California 90211
Telephone: 310-273-1230
Facsimile: 310-858-1063
*kristensen@cz.law*
*jmartinez@cz.law*

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MUELLER, an individual; MICHELLE MUELLER, individually and E.M., by and through his guardian ad litem, MICHAEL DOBIE<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity; DEBORAH KAY, an individual; and DOES 1 through 100, inclusive, and each of them,<br><br>Defendants. | Case No.: 5:18-cv-00151-DSF-SP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>**Hearing:**<br>**Date:** August 29, 2022<br>**Time:** 1:30 p.m.<br>**Crtrm:** 7D |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 29, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7D of the above-entitled Court located at 350 West 1st Street, Los Angeles, California 90012, plaintiffs William Mueller, Michelle Mueller, and E.M., by and through his Guardian Ad Litem Michael Dobie (collectively, "Plaintiffs"), will move the court for an order approving the settlement of the claims of minor E.M. and distribution of the minor's settlement funds.

Plaintiffs make this Motion under Fed. R. Civ. P. 17(c) and Cal. *Code Civ. Proc.* § 372. The grounds for this Motion are set forth in the attached Memorandum of Points and Authorities, the supporting declarations and accompanying exhibits, and upon such other evidence or argument as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place prior to filing this motion.

Dated: August 1, 2022

**ROSSMAN LAW GROUP || CARPENTER & ZUCKERMAN**

*/s/ John P. Kristensen*
Eric S. Rossman
John P. Kristensen
Jesenia A. Martinez

*Attorneys for Plaintiffs*

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE**

-2-

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................... 1

    **I.**     INTRODUCTION .............................................................................................. 1

    **II.**     STATEMENT OF THE CASE ............................................................................. 1

        **A.**     Factual Background ............................................................................. 1

        **B.**     Procedural Posture ............................................................................... 4

        **C.**     Plaintiffs' Claims ................................................................................. 4

    **III.**     LEGAL STANDARD .......................................................................................... 5

    **IV.**     THE SETTLEMENT ........................................................................................... 6

    **V.**     CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Dacanay v. Mendoza*,
    573 F.2d 1075 (9th Cir. 1978) ................................................................... 5

*Doe by and through Doe v. Clark County*,
    No. 2:17-cv-0238-MMD-PAL, 2019 WL 266286 (D.Nev. Jan. 18, 2019). 7

*Doe by and through Doe v. Clark County*,
    No. 2:17-cv-0238-MMD-PAL, 2019 WL 861402 (D.Nev. Feb. 15, 2019) 7

*Monell v. Department of Social Services of the City of New York*,
    436 U.S. 658 (1978) .................................................................................... 4

*Robidoux v. Rosengren*,
    638 F.3d 1177 (9th Cir. 2011) ................................................................... 5

*Salmeron v. United States*,
    724 F.2d 1357 (9th Cir. 1983) ................................................................... 5

**Statutes**

42 U.S.C § 1983 ............................................................................................... 4

42 U.S.C. § 1983 ........................................................................................... 4, 7

Cal. Code Civ. Proc. § 372 ............................................................................. 5

**Rules**

Cal. R. Ct. 3.1384 ............................................................................................ 5

Local Rule 83-5.2 ............................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As plaintiffs William Mueller, Michelle Mueller, and E.M., by and through his Guardian Ad Litem Michael Dobie (collectively, "Plaintiffs") and defendants County of San Bernardino (the "County") and Deborah Kay ("Kay") (collectively, "Defendants") prepared for trial, they, through their respective counsel, engaged in extensive settlement discussions, which resulted in a settlement. The settlement agreement has been executed by Plaintiffs and Defendants (jointly, the "Parties"). *See* Declaration of John P. Kristensen ("Kristensen Decl.") at ¶, Exhibit ("Ex.") A. Plaintiffs seek this Court's approval of the settlement as it pertains to minor E.M.

## II. STATEMENT OF THE CASE

### A. Factual Background

The allegations in asserted by Plaintiffs are as follows.

E.M. was born in 2009. His older sibling, C.T., was born in 2003. On or about September 10, 2013, the boys were placed in foster care due to parental mental health, substance abuse, and domestic violence issues. Between September 10, 2013 and September of 2016, the boys were kept together in foster homes, prior to placement with the Muellers. During the time at the first foster home, between September 10, 2013 and April 10, 2014, C.T. was reported to have engaged in inappropriate behavior with a female foster child which required his removal from the foster home and placement in a foster home with no girls. *See* Dkt. at ¶¶ 24–25, 44–45.

Beginning in approximately 2014, C.T. sexually and physically assaulted the minor E.M., multiple times. E.M. told his assigned counselor, Kay, about such physical and sexual assaults by C.T. in late 2015 or early 2016, well before the boys were placed with the Muellers. *See id.* at ¶¶ 46–47.

///

Kay was told and aware that C.T. raped E.M. prior to their placement with the Muellers. E.M. drew pictures, which were shown to Kay, of C.T. holding a knife, and cutting up E.M. These drawings were consistent with threats made by C.T. towards E.M. and reported to Kay. Kay removed the drawings from the foster home where E.M. and C.T. were living at the time and did not inform the foster parents of the abuse. Kay told E.M that something would be done about C.T., but no action was taken by Kay or anyone from the County. After E.M. told Kay about what C.T. had done to him, E.M was put on an additional psychotropic medication, told he was psychologically unstable, and was told he was a bad person. The additional psychotropic medication was discontinued by court order on May 3, 2016. *See id.* at ¶¶ 48–53.

Defendants did not document the physical and sexual abuse of E.M. by C.T. or report the sexual assault as required. Defendants did not inform the Muellers of E.M.'s history of physical and sexual abuse by C.T. When E.M. was placed with the Muellers in September of 2016, they immediately discontinued the use of the two other psychotropic medications, which had been prescribed to him. The Muellers discontinued those medications because E.M. was unable to communicate or form expressive thoughts. *See id.* at ¶¶ 55–57.

During the six months the boys were living with the Muellers prior to the adoption, the boys had monthly visits with their social worker, Kay. During each visit the boys would be alone with her for approximately 10 minutes. On two occasions, Kay told E.M. not to tell the Muellers about "their secrets" because he would have to be removed from the Muellers' home and go to another foster home. *See id*. at ¶ 58.

When the Muellers applied to become foster parents with a goal of adopting, they specifically informed the County's Department Children and Family Services officials that they were willing to deal with mild to moderate behavior issues, but were not willing to consider children with sexual abuse

issues or with behavioral/emotional issues. *See id.* at ¶ 59.

Numerous employees of the County's Department of Children and Family Services were aware of the abuse suffered by E.M. from C.T prior to the placement of E.M. and C.T. with the Muellers. Upon information and belief, E.M. was overmedicated with psychotropic drugs to control his ability to tell others of his abuse and to prevent him from asking for help. *See id.* at ¶¶ 60–61.

The Muellers finalized the adoptions of E.M. and C.T. on or about March 20, 2017. The bi-annual case reviews of the Case Plan prior to and after E.M. and C.T being placed with the Muellers did not include the mandatory information about the sexual abuse in the Case Plan. At no time prior to the adoption did anyone from the County inform the Muellers of C.T.'s violent and sexually abusive conduct towards E.M. *See id.* at ¶¶ 62–64.

On March 26, 2017, E.M. told the Muellers that C.T. had been threatening to kill him with a knife and holding the knife to E.M.'s neck. E.M. told the Muellers that this had happened in their home and in prior foster homes. C.T. admitted these actions to the Muellers. This incident was reported to Kay, but she did not want to report the incident and instead wanted to get C.T. into therapy. Following this incident, the Muellers placed C.T. and E.M. in separate bedrooms and E.M. began sleeping in plaintiff Mrs. Mueller's room. C.T. attempted to get into Mrs. Mueller's room on at least two occasions. C.T. also attempted to intimidate Mrs. Mueller when she tried to correct him. E.M. informed the Muellers that C.T. had been hitting him, causing bruising that the Muellers had observed but for which they had been unable to determine a cause. *See id.* at ¶¶ 65–68.

On or about May 9, 2017, E.M. told the Muellers about the sexual abuse C.T. had committed against him. Mrs. Mueller found C.T.'s journal which confirmed this abuse. C.T. was removed from the home on or about May 11, 2017. *See id.* at ¶¶ 69–70.

Defendants were required to document and report the sexual abuse by C.T. of E.M. They were required to provide E.M. and opportunity to be heard through the Case Plan. The information was mandated to be in the Case Plan, which must be reviewed at least every six months. Had the information been included, the abuse of E.M. by C.T. would have ceased and the damage to the Muellers mitigated. *See id.* at ¶ 71.

Defendants deny liability and any wrongdoing. *See* Dkt. 47, generally.

### B.   Procedural Posture

Plaintiffs filed their Complaint on January 23, 2018. *See* Dkt. 1. Plaintiffs' First Amended Complaint was filed on February 2, 2018. *See* Dkt. 2.

After briefing and the Court's ruling on Defendants' motion to dismiss, Plaintiffs filed their Second Amended Complaint on June 11, 2018. *See* Dkt. 35.

After briefing and the Court's ruling on Defendants' motion to dismiss Plaintiffs' Second Amended Complaint, Plaintiffs filed their Third Amended Complaint on August 17, 2018. *See* Dkt. 46. Defendants filed their Answer to Plaintiffs' Third Amended Complaint on August 31, 2018. *See* Dkt. 47.

The Parties engaged in several rounds of written discovery and took depositions throughout the pandemic. The parties also engaged in expert discovery and filing motions in limine, and pre-trial documents for the June 7, 2022 trial. *See* Dkts. 102–144.

### C.   Plaintiffs' Claims

Plaintiffs' Third Amended Complaint, the operative complaint, asserted the following causes of action: (1) Civil Rights Violation (Special Relationship) (42 U.S.C. § 1983) by E.M. against Kay; (2) Civil Rights Violation (State Created Danger) (42 U.S.C. § 1983) by all Plaintiffs against Kay; (3) Violation of Federal Adoption Assistance Act and Child Welfare Act (42 U.S.C § 1983) by E.M. against the County; (4) Civil Rights Violation (*Monell* Claim) (42 U.S.C. § 1983) by all Plaintiffs against the County; (5) Direct Negligence by E.M. against

all Defendants; (6) Derivative Negligence by E.M. against the County; and (7) Negligent Concealment by Mr. and Mrs. Mueller against all Defendants. *See* Dkt. 46.

### III. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)).

Court approval is necessary to defend the interests of a minor. "It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). As such, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Id.*

The proportion of attorney's fees in relation to the proceeds attained by the plaintiff is inconsequential. "The district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182.

Local Rule 83-5.2 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."

## IV. THE SETTLEMENT

The settlement resulted from extensive arm's–length negotiations between experienced counsel after diligent investigation and discovery. To be sure, the Parties were preparing for trial and filing trial-related documents at the time the settlement was reached. The settlement agreement is filed concurrently herewith for the Court's review.

The settlement provides that Defendants will pay Plaintiffs a total of Seven Million Five Hundred Thousand with Zero Cents ($7,500,000.00) (the "Settlement Amount") in exchange for a release and dismissal of this action. The Settlement Amount is allocated as follows:

- $1,000,000.00 to Mr. and Mrs. Mueller
- $2,600,000.00 to Plaintiffs' counsel for E.M.'s claims
- $3,900,000 to E.M. split evenly among three separate annuities.

The information of the payment structure for E.M.'s annuities is filed concurrently with this Motion for the Court's review. *See* Kristensen Decl. ¶ 21, Ex. B.

Here, E.M.'s recovery far exceeds the recovery for the *Doe* minor and will provide funding throughout E.M.'s life. This substantial recovery will provide certainty for E.M. and will E.M. to obtain and maintain the care and treatment so that he lives a fruitful and productive life.

This extraordinary recovery came about after extensive and thorough investigation and litigation by Plaintiffs' counsel over nearly a five-year period. As Plaintiffs' counsel's declarations attest, substantial time and resources were expended in litigating this matter where tens of thousands of documents were exchanged. Plaintiffs' counsel's expertise and willingness to take this matter through trial was a significant factor in obtaining this recovery.

Plaintiffs recommend the proposed disposition of the proceeds for E.M. to the Court as being fair, reasonable, and in the best interest of E.M. This

settlement, and the terms of these annuities, have been approved by the E.M.'s Guardian Ad Litem. While E.M.'s injuries, physical and emotional, are difficult to anticipate give his young age, the uncertainty of a jury verdict in Plaintiffs' favor along with any resulting trauma from having to testify about his sexual abuse in public all weigh in support of a finding that the settlement is fair and reasonable given the disputed facts. Accordingly, Plaintiffs request that the court approve this Minor's Compromise and make such Orders as may be just and reasonable.

The settlement obtained will provide a substantial recovery for E.M. in this matter upon a review and research of analogous cases. In *Doe by and through Doe v. Clark County*, No. 2:17-cv-0238-MMD-PAL, 2019 WL 266286 (D.Nev. Jan. 18, 2019), the District Court approved a settlement of $75,000, of which $65,000 was allocated to the minor for Fourteenth Amendment violations under 42 U.S.C. § 1983 for violation of the duty to protect and state created danger, violation of the Federal Adoption Assistance Act and Child Welfare Act, and multiple state negligence claims for a minor's sexual assault while in a group home while in the custody of Clark County and its co-defendant. In weighing the relevant factors, the Court found that the settlement was fair and reasonable and awarded attorneys' fees consisting of 40% of the gross settlement amount. *Id.* at *1–4.

The *Doe* plaintiffs also later reached a settlement with the group home consisting of $425,000, with $385,000 being allocated to the minor. *Doe by and through Doe v. Clark County*, No. 2:17-cv-0238-MMD-PAL, 2019 WL 861402 (D.Nev. Feb. 15, 2019). For the same reasons as the earlier settlement, the Court approved the settlement and attorneys' fees request consisting of 40% of the gross settlement amount. *Id.* at *1–5.

Plaintiffs' counsel's allocation of 40% of E.M.'s allocation is appropriate here. As can be seen from the *Doe* settlements, 40% allocation for attorneys' fees

in an analogous case has been approved in courts in this Circuit. In addition, Plaintiffs' counsel took on this matter on a contingency basis, with the understanding that they would receive nothing if no recovery was obtained. *See* Declaration from Eric S. Rossman ("Rossman Decl.") ¶ 4–5. Plaintiffs' counsel's extensive experience and willingness to take this matter to trial is a factor that lead to this extraordinary result. *See id.* at ¶¶ 5–19. While Plaintiffs' counsel were preparing for trial and would have through trial zealously advocated for Plaintiffs, there could be no guarantee of victory as the risks involved in this litigation were substantial. Although the fact that E.M.'s abuse occurred was not in dispute, the question of whether the County, through its social workers, had sufficient knowledge of the abuse to meet the requirements of conscious disregard under Section 1983 was vigorously disputed by Defendants. Further, the question of whether the conduct met the requirements of California state law, namely a violation of an express statutory provision, was also vigorously disputed by Defendants.  Defendants offered opposing expert witnesses and, in the pre-trial briefing, asserted an array of immunity defenses that, had they been successful, would have substantially limited or eliminated recovery in this matter. *See* Rossman Decl. ¶¶ 20–21; Kristensen Decl. ¶¶ 22–23.

Given the nature of the governmental immunity defenses as well as the high evidentiary bar to success on a Section 1983 claim, there was, from the beginning of this case to the end, a significant risk that there would be no recovery from Defendants and that the efforts expended on this matter, including the provision of out-of-pocket costs, would not be compensated. *See* Rossman Decl. ¶ 22; Kristensen Decl. ¶ 24.

Plaintiffs' counsel, based on their expertise and experience, as well as their thorough and detailed analysis of the facts and relevant law believe this is a fair and reasonable settlement for E.M. *See* Rossman Decl. ¶ 25; Kristensen Decl. ¶ 25.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion in its entirety and approve the minor's compromise.

Dated: August 1, 2022

**ROSSMAN LAW GROUP ||
CARPENTER & ZUCKERMAN**

*/s/ John P. Kristensen*
Eric S. Rossman
John P. Kristensen
Jesenia A. Martinez

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on August 1, 2022, the foregoing document titled **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE** and accompanying documents were served via CM/ECF upon all participants of record, including the parties listed below pursuant to Federal Rule of Civil Procedure 5:

| | |
|---|---|
| Douglas C. Smith<br>Erin R. Brown<br>**SMITH LAW OFFICES, LLP**<br>4001 Eleventh Street<br>Riverside, California 92501<br>Email: dsmith@smitlaw.com<br>Email: ebrown@smitlaw.com<br><br>**Counsel for All Defendants** | Eric S. Rossman<br>**ROSSMAN LAW GROUP**<br>350 North Ninth Street, Suite 500<br>Boise, Idaho 83702<br>Email: erossman@rossmanlaw.com<br>Email: lreinke@rossmanlaw.com<br><br>**Co-Counsel for Plaintiffs** |

*/s/ John P. Kristensen*
John P. Kristensen